IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSE E. PAYNE<br><br>　　　Plaintiff,<br><br>　　v.<br><br>FORD MOTOR CREDIT COMPANY, LLC<br><br>　　　Defendant | Case No.: 1:20-cv-00034-SAG |

### **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

When it moved to dismiss the First Amended Complaint, the Defendant argued that Maryland law cannot apply because the alleged wrongful actions occurred in Florida. The Court agreed, and the Plaintiff therefore requested leave to file a Second Amended Complaint which added a claim under the Florida Consumer Collection Practices Act ("FCCPA").

Defendant moves to deny leave to amend on three grounds. None of the three grounds merit a denial of the motion seeking leave to file a Second Amended Complaint, and therefore the Plaintiff's motion should be granted.

First, the Defendant argues that the Florida Consumer Collection Practices Act does not protect a resident of Maryland, and that venue is proper only in certain counties of Florida state courts (and not in Maryland).

Second, the Defendant argues that the new proposed Count Two is futile, again for reasons of residency and venue.

Third, the Defendant argues that the motion for leave to amend should be denied for failure to comply with Local Rule 103.6(d) which requires consultation prior to moving

to amend a complaint.

## I. Standard of Review

The Fourth Circuit has long held that leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.* 785 F.2d 503 (4th Cir. 1986). An amendment is futile when "the proposed amendment fails to state a claim." *Katyle v. Penn Nat. Gaming, Inc.,* 637 F.3 462, 471 (4th Cir. 2011). Thus a motion to amend may be denied where "the new claim would not have survived a motion to dismiss" under Rule 12(b)(6). *Davison v. Randall,* 912 F.3d 666, 690 (4th Cir. 2019).

Here, Defendant's opposition rests on futility rather than prejudice or bad faith, and the standard is thus that of a 12(b)(6) motion to dismiss.

## II. The Florida Consumer Collection Practices Act Protects the Plaintiff

As the Court explained in its ruling on Defendant's Motion to Dismiss the First Amended Complaint, "Payne . . . is challenging FMCC's garnishment efforts, *which occurred in Florida.*" ECF 30-0, 8, Fn. 2. FMCC obtained a writ of garnishment in Florida, which was addressed to Wells Fargo, in Tallahassee, Florida. ECF 30-0, 9. "[T]he challenged activity is litigation occurring extraterritorially, *in Florida.*" ECF 30-0, 9. In light of this ruling, the proposed Second Amended Complaint clearly does allege that FMCC took actions in Florida.

Defendant asserts that the FCCPA only protects Florida residents, but the Defendant is wrong. First, there is nothing in the plain language of the FCCPA to limit its application to Florida residents. The FCCPA prohibits certain actions against "debtors" and "consumers". Fl. Stat. § 559.72. "debtor" and "consumer" are defined as "any natural

person obligated or allegedly obligate to pay any debt." Fl. Stat. § 559.55(8). Defendant effectively asks the court to re-write the statute to add the words "resident in Florida" to that provision.

Second, Defendant supposes that the venue provision of Fl. Stat. § 559.77(a) indicates that the statute applies only to Florida residents. However, the text of the statute does not support that conclusion. All the statute says is that an aggrieved consumer may file an action "in the county where the alleged violator resides or has his or her principal place of business, or in the county where the violation occurred." Fl. Stat. § 559.77(a). The provision does not even require that the action be brought *in Florida*, let alone that the plaintiff live in Florida.

Third, the cases on which Defendant relies do not support its conclusion. *In Re NationsRent Rental Fee Litigation,* No. 06-60924-CIV, 2009 WL 636188, *4 (S.D. Fla, Feb. 24, 2009) did not simply reject the inclusion of out-of-state consumers in the protections of Florida law, but the inclusion of "out-of-state consumers *based on out-of-state transactions*." In other words, the FCCPA did not protect people who had nothing whatever to do with Florida, and against whom no action was taken in Florida. In contrast to the *NatonsRent* case, the instant case involves a Maryland consumer complaining of actions that this court found occurred in Florida, that resulted in his bank account in Maryland being garnished. Further, *Costal Physician Svcs. Of Broward County, Inc. v. Ortiz*, 764 So.2d 7 (Fla. 4th DCA 1999) which *Nations Rent* quoted, has been called into doubt. See, *Millennium Communications & Fulfillment, Inc. v. Office of Attorney General, Dept. of Legal Affairs, State of Fla.* 761 So. 2d 1256 (Fla. 3rd DCA 2000)(disagreeing with the *Ortiz* reading of the Florida Deceptive and Unfair Trade Practices Act, and noting that "there are no geographical or residential restrictions

contained in the express language of [the statute]" and reading FDUPTA to apply to actions "which have transpired within the territorial boundaries of this state without limitation.") *Id.* at 1261-62.

Indeed, the federal district courts in the southern and middle districts of Florida have generally held that the Florida Deceptive and Unfair Trade Practices Act *does* allow actions by out-of-state plaintiffs. See, *Bank of America, N.A. v. Zaskey,* Case No. 9:15-cv-81325-ROSENBERG/HOPKINS, 2016WL 3897410 at *9-10 (S.D. Fla. May 18, 2016)(collecting cases).

In fact, the United States Court of Appeals for the Fourth Circuit, as well as other courts outside Florida have heard cases based on alleged violations of these two Florida statutes. See, e.g. Virginia: *Randle v. H & P Capital, Inc.* 513 Fed. Appx. 282 (4th Cir. 2013)(affirming FDCPA & FCCPA judgment in favor of Virginia resident); Louisiana: *Zaskey,* 2016 WL 3897410, at *11. *Ward v. Secure Asset Recovery, Inc.* Civil Action No. 17-5-SDD-EWD, 2018 WL 1960532 (M.D. La. April 26, 2018)(entering default judgment); Alabama: *Blach v. Diaz-Verson,* Case No. 2:11-cv-00527-TMP, 2012 WL 13020298 (N.D. Ala. Jan. 30, 2012)(dismissing FCCPA claim on the merits, because the debt was not a consumer debt); Illinois: *Norris v. Miller,* 926 F.Supp. 776 (N.D. Ill. 1996)(staying FCCPA action in favor of Florida State Court mortgage collection action); Georgia: *Carrigan v. Central Adjustment Bureau, Inc.,* 494 F.Supp. 824 (N.D. Ga. 1980)(finding FCCPA violation where unlicensed collection office called Florida resident).

There is nothing in the plain text of the statute to prohibit Plaintiff's claim, and our research has revealed no case which explicitly held that the FCCPA does not protect out of state consumers from unlawful actions in Florida. If the Defendant were correct, then a Maryland resident whose bank account is garnished in Maryland pursuant to alleged

wrongful acts which occurred hundreds of miles away has no recourse to challenge the garnishment in Maryland under either Maryland or Florida law. Such an argument would create a classic catch-22 and should be rejected.

### III.  Venue Is Proper In This District

Defendant argues that the Plaintiff should not be allowed to litigate his FCCPA claim in this court, because the FCCPA's venue provision requires the action to be brought where the violation occurred or where the Defendant resides. The Defendant is wrong.

The Supreme Court has explained that the federal removal statute, 28 U.S.C. § 1441(a) "expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 666 (1953). As this Court observed in *American Ins. Marketing Corp. v. 5 Star Life Ins. Co.* 958 F.Supp.2d 609, 613 (D. Md. 2013), "[w]hen an action is removed from state court to federal court . . . venue is governed *exclusively* by the federal removal statute." (emphasis added). Indeed, removal fixes proper venue for a case in the court to which a case is removed. *Three M. Enterprises, Inc. v. Texas D.A.R. Enterprises, Inc.* 368 F.Supp.2d 450, 455 (D. Md. 2005). This is so even if venue would be "improper under state law when the action was originally filed." *Hollis v. Florida State University,* 259 F.3d 1295, 1300 (11th Cir. 2001). Defendant's objection that venue *would not have been* proper in Maryland is therefore irrelevant, since venue for this case is fixed in this district under the removal statute.

To the extent that Defendant believes another venue is more appropriate for this case, the proper step, as the 11th Circuit observed in *Hollis*, is to move for a change of venue pursuant to 28 U.S.C. § 1404.

### IV. The Proposed Count Two is not Futile

Defendant argues that the proposed amendment is futile in light of its arguments on residency and venue. Because the Defendant is wrong about residency and venue, its argument about futility is inapposite.

### V. Plaintiff's Failure to Comply With Local Rule 103.6(d) is not a Basis for Denying Leave to Amend

Plaintiff's counsel inadvertently failed to comply with L.R. 103.6(d)[1] for which the undersigned apologize to this court and to opposing counsel. Defendant was not prejudiced by this oversight, and likely would have opposed the motion regardless. In fact, the parties stipulated to an extension of time for the Defendant to respond, and for the Plaintiff to reply. ECF 33. The oversight in failing to comply with L.R. 103.6(d) should not form the basis for denying leave to amend.

### VI. Conclusion

For the foregoing reasons, the Plaintiff's motion for leave to file the Second Amended Complaint should be granted.

Respectfully submitted,

Dated: October 20, 2020

By: /s/ Emanwel J. Turnbull

Emanwel J. Turnbull
Fed. Bar No. 19674
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd, Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133

---

[1] "Before filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel. Counsel shall state in the motion whether the consent of other counsel has been obtained."

        Facsimile: (410) 280-8650
eturnbull@hollandlawfirm.com

Peter A. Holland
Fed. Bar No. 10866
THE HOLLAND LAW FIRM, P.C.
914 Bay Ridge Rd. Ste 230
Annapolis, MD 21403
Telephone: (410) 280-6133
Facsimile: (410) 280-8650
peter@hollandlawfirm.com


*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the Defendant through the Court's ECF system when filed with the Court.

/s/ Emanwel J. Turnbull
EMANWEL J. TURNBULL