IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOSE E. PAYNE, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR CREDIT COMPANY LLC, <br><br> Defendant. | * <br> * <br> * <br> * <br> *   Civil Case No. SAG-20-00034 <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Jose E. Payne ("Payne") filed this lawsuit against Ford Motor Credit Company LLC ("FMCC"), alleging that FMCC unlawfully garnished his bank account to collect a judgment. On September 3, 2020, this Court entered an order dismissing certain counts of Payne's Amended Complaint, including the claims brought under Maryland's consumer protection statutes. ECF 31. Thereafter, Payne filed the instant motion seeking leave to file a Second Amended Complaint. ECF 32. FMCC filed an opposition, ECF 35, and Payne filed a reply, ECF 36. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motion for leave to file the second amended complaint will be granted.

The facts of the case are described in detail in this Court's September 3, 2020 Memorandum Opinion, ECF 30, and will not be reiterated herein. Essentially, however, Payne alleges that he defaulted on his car loan with FMCC. FMCC attempted to sue him in Maryland in 2002, while Payne was residing out of the country, in Panama. After obtaining an uncontested affidavit judgment in Maryland, FMCC filed the judgment in court in Dade County, Florida in 2005, listing an alleged Florida address for Payne that, in reality, is the address of a commercial warehouse. Payne alleges that FMCC knew the address it used to obtain the Florida judgment was inaccurate.

Payne returned to the United States in 2013. Several years later, in 2019, FMCC filed a motion in the Dade County, Florida court to use the Florida judgment to garnish Payne's bank account at Wells Fargo Bank, N.A. ("Wells Fargo"), in the amount of $17,459.29. This lawsuit ensued. This Court's September 3, 2020 Memorandum Opinion dismissed Payne's claims under the Maryland consumer protection statutes because those laws "have no application where the offensive actions occurred entirely extraterritorially," in Florida. ECF 30 at 9. Accordingly, in the proposed Second Amended Complaint, Payne replaces those claims with an asserted violation of the Florida Consumer Collection Practices Act ("FCCPA"). ECF 32-1 ¶¶ 64-72.

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

FMCC's contention in this matter is that amendment would be futile, because a claim under the FCCPA cannot be brought in Maryland, and because the FCCPA does not protect persons who are not Florida residents. ECF 35 at 4-6. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE,

FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), cert. dismissed, 448 U.S. 911 (1980))). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a proposed claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the

3

plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims *must* demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964). To put it simply, an obvious failure to meet the Rule 12(b)(6) standard is grounds for denial of leave to amend, but that does not mean a plaintiff seeking amendment must proactively show that the proposed amendment survives this standard.

Under the more forgiving standard applied to assess whether a claim is futile, Payne's FCCPA claim passes muster. The FCCPA does not expressly limit its protections to Florida residents. As Payne explains in his reply, other courts have applied the FCCPA to out-of-state

consumers, where the contested actions occurred in Florida. *See* ECF 36 at 3-4. Moreover, FCCPA claims have proceeded in federal courts outside of Florida. *Id.* at 4. Venue is appropriate in this Court because the action was originally filed in Maryland state court, before its removal. 28 U.S.C. 1441(a) (siting proper venue in "the district court of the United States for the district and division embracing the place where such action is pending."). Thus, Payne has satisfied the low bar for amendment to be permitted, though FMCC will certainly be entitled to renew its arguments as to the merits of Payne's FCCPA claim as the litigation proceeds.

Finally, this Court notes with disapproval the failure of Payne's counsel to comply with Local Rule 103.6(d). Counsel has apologized for the misstep, ECF 36 at 6, and the Court presumes that the error will not be repeated. In this circumstance, failure to comply with that important procedural rule does not justify denial of leave to amend.[1]

## CONCLUSION

For the reasons set forth above, Payne's Motion Seeking Leave to Amend, ECF 32, will be GRANTED, permitting his Second Amended Complaint to be filed. A separate Order follows.


Dated:  November 3, 2020                                         /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge

---

[1] Because FMCC opposed the motion for leave to amend on grounds other than Payne's failure to comply with Local Rule 103.6(d), it seems clear that FMCC would not have consented to the amendment even if it had been properly consulted.